**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

JOSE HECTOR CRUZ RODRIGUEZ,

                       Petitioner,

     v.

CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, Immigration and Customs Enforcement (ICE) San Diego Field Office Director; TODD M. LYONS, Acting Director of U.S. Immigration and Customs Enforcement (ICE/ERO); KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA BONDI, U.S. Attorney General, in their official capacities,

                     Respondents.

Case No.:  26cv0627 DMS DEB

**ORDER GRANTING PETITION**

This case comes before the Court on the Petition for Writ of Habeas Corpus.[1] Respondents filed a response to the Petition in which they concede Petitioner appears to be

---

[1] Petitioner, then proceeding pro se, filed a previous Petition on January 2, 2026, in Case Number 26cv0010 DMS BJW.  On January 16, 2026, the Court dismissed that Petition because Petitioner failed to name the proper respondent.  Petitioner was granted leave to file a First Amended Petition, but he did not

a member of the bond-eligible class certified in *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025), and is therefore entitled to a bond hearing. Because the Petitioner has already had a bond hearing, however, the Court orders Respondents to release Petitioner immediately and subject to the conditions set in the Immigration Judge's September 5, 2025 Order. On or before **March 10, 2026**, the parties shall file a Joint Status Report confirming Petitioner has been released. In that Report, the parties shall also provide their respective positions on whether a further order on the Petition is necessary or if the case may be dismissed as moot.

     **IT IS SO ORDERED**.

Dated:  March 3, 2026

Hon. Dana M. Sabraw
United States District Judge

---

do so. Instead, and with the assistance of counsel, he filed a motion for temporary restraining order ("TRO") in his original case *and* a new Petition, which was opened as the present case. Because there is no operative Petition in the original case, the Court declines to address the motion for TRO filed therein. Instead, the Court addresses Petitioner's claims here.

26cv0627 DMS DEB